# IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF ARIZONA

**Kenneth Voss and Lisa DiMatteo**

    **Plaintiffs**

  v.

**USAA Pension Plan. USAA Financial**

**Planning Services Insurance Agency, Inc.**

**and the Plan Administrator of the USAA**

**Pension Plan**


    **Defendants**


## COMPLAINT

Now comes the Plaintiffs, by their undersigned counsel, states the following as their complaint against the Defendants.

### Parties, Jurisdiction and Venue

1. Plaintiffs are Kenneth Voss and Lisa DeMatteo, husband and wife, who reside at Unit 2039, 35550 N. Dove Lakes Dr. Cave Creek, AZ 85331 and who are citizens of the State of Arizona.

2. Both Plaintiffs are participants in the USAA Pension Plan ("Plan").

3. Plaintiff Kenneth Voss was initially employed by USAA in 2005 and became a participant in the USAA Pension Plan after completing one year of service.

4. Plaintiff Lisa DeMatteo was initially employed by USAA in 2005 and became a participant in the USAA Pension Plan after completing one year of service.

5. Plaintiff Kenneth Voss was born on August 23, 1954 and terminated employment with USAA Investment Management Company on April 29, 2016

6. Plaintiff Lisa DeMatteo was born on March 2, 1955 and terminated employment with USAA Investment Management Company on April 28, 2016.

7. The first Defendant is the USAA Pension Plan ("Plan") which is an employee pension benefit plan as defined by 29 U.S.C. 1003.

8. The Plan's address is 9800 Fredericksburg Rd., San Antonio, TX 78288-0047.

9. The second Defendant is USAA Financial Planning Services Insurance Agency Inc. ("FPS) which is a corporation organized under the laws of the state of Delaware and is a citizen of such state.

10. FPS is registered to do business in the state of Arizona.

11. The third Defendant, the Plan Administrator of the Plan, is USAA Benefit Programs ("Plan Administrator") with an office at 9800 Fredericksburg Rd. San Antonio, TX 78288-0047.

12. The Plan Administrator and its agents (including individuals working at the Pension Benefit Center and individuals giving financial planning advice to Plan Participants) are fiduciaries as defined in 29 U.S.C. 1002

13. This action is brought in part pursuant to 29 U.S.C. 1132 and in part pursuant to 28 U.S.C. 1332.

14. Jurisdiction is based on 28 U.S.C. 1331 and 28 U.S.C. 1332.

15. Venue is based on 29 U.S.C. 1132(e) and 28 U.S.C. 1391.


**Background Facts**

16. FPS employed one Michael Troxell to give financial planning advice to both customers of USAA Investment Management Company, LLC

("IMCO") and to employees of IMCO who were assigned to him for the purpose of assisting them with their financial plans.

17. Troxell had been given no training by FPS with respect to the provisions of the Plan.

18. Troxell had been given no training by FPS with respect to employee pension benefit plans generally.

19. Troxell was not familiar with the provisions of the Plan even though he was a participant in it.

20. Among the IMCO employees assigned to Michael Troxell for financial planning purposes were Kenneth Voss and Lisa DeMatteo although such assignment was a result of a request by Kenneth Voss.

21. At all points during his financial planning work with the Plaintiffs, Michael Troxell was acting in his scope of employment with FPS and FPS is responsible for his actions under the doctrine of *respondeat superior.*

22. At all points during his financial planning work with the Plaintiffs, Michael Troxell was acting in a fiduciary capacity to the Plaintiffs.

23. At all points during his financial planning work with the Plaintiffs, Michael Troxell was acting as an agent for the Plan Administrator.

24. The Plaintiffs reasonably relied on Michael Troxell to give them the necessary and appropriate advice with respect their financial planning for retirement and for him to advise them as to when they should plan to commence pension benefits.

25. Between 2014 and 2015 Michael Troxell drew up three basic financial plans for the Plaintiffs showing the pension they would receive based on commencement at age 65.

26. While a number of pages in such plans showed retirement at ages 61/ 62, the final pages of the plan showing the amounts of pension benefits showed retirement at age 65.

27. Prior to their initial discussions with Troxell, the Plaintiffs had assumed that their pension benefit would increase by delaying receipt of the same until age 65.

28. The Plaintiffs' belief was confirmed by the fact that each of the three financial plans drawn up by Troxell showed that their pensions would increase significantly if they delayed  commencement of benefits until age 66 as opposed to commencing it at age 65, implying that their pension benefit would increase the longer they held off commencement.

29. The figures for commencement of pension at age 66 which Kenneth Voss had obtained from the USAA website were totally inaccurate; the Plan provided for payment of unreduced pension upon attainment of age 62 and did not provide for any increase in the same if commencement of pension was delayed beyond that date, regardless of how commencement was delayed.

30. Plaintiffs did tell Michael Troxell that while they intended to retire before age 65, they would not need to commence their pension when they retired because their pensions would be small and they had other sources of income to live on.

31. Kenneth Voss got the amount of pension numbers from the USAA Website which asked him at what age they wanted to commence benefits; he filled in age 65 and got the numbers that Michael Troxell used in the financial plans.

32. Nothing on the website alerted Kenneth Voss to the fact that the Plaintiffs could commence unreduced pension benefits at age 62.

33. Michael Troxell did not tell the Plaintiffs that they were eligible to received unreduced pension at age 62 and that they would lose three years of benefits if they waited until age 65 to commence benefits.

34. He did not tell them that there was no financial benefit to waiting to collect pension until age 65.

35. He did not tell them to consult with the Pension Benefits Center to determine when they could commence to receive unreduced pension benefits.

36. Michael Troxell's failure to advise the Plaintiffs properly was due to his ignorance of the Plan and of employee pension benefits plans in general.

37. The SPD of the Plan contains the following language which indicates that an unreduced pension is not payable until age 65.

> **The standard form of payment in the Plan is an annuity payable monthly for your lifetime commencing at age 65, or immediately if you are already over age 65 at termination. The voluntary lump sum optional form of payment is calculated by adding up the "discounted valued" of each future payment. (The future payments are "discounted" using current interest rates to reflect the time value of money.)**
>
> **If you are under age 65, the lump sum generally increases each month because you are getting closer to age 65. Each future payment is discounted for a shorter period, since it is closer to being paid.**

38. The above statement is inaccurate because unreduced pension was payable at age 62 and the lump sum payable thereafter would decrease, not increase until age 65.

39. On February 23, 2016, Kenneth Voss contacted the Plan
    Administrator's Pension Benefits Center to make sure that the
    Plaintiffs would receive retiree medical insurance coverage upon
    termination of employment with IMCO.

40. In the course of this discussion which dealt with the payment of
    insurance premiums for retiree medical insurance, Kenneth Voss
    advised that he and his wife were going to defer payment of pension
    until age 65 and that they would authorize deduction of their insurance
    premiums from their checking account.

41. The person with whom Kenneth Voss talked to did not tell him that
    there was no point deferring commencement of pension after age 62
    since he and his wife could have received unreduced pension upon
    attainment of such age and would simply lose money if they deferred
    commencement until age 65 because they could not apply for pension
    retroactively.

42. The July 1, 2016  Notice that the Plaintiffs received following their
    termination of employment indicated that pension benefits had to
    commence upon attainment of age 65.

43. The July 1, 2016 notice was inaccurate since the Plaintiffs did not have to commence pension benefits until the calendar year following attainment of age 70 and ½.

44. The July 1, 2016 notice did not advise the Plaintiffs that they would be able to commence unreduced pension at age 62.

45. The notice was accompanied by a personalized benefits statement showing the amount each Plaintiff would receive upon commencement of pension at age 65.

46. The personalized benefits statement did not indicate that they could receive unreduced pension at age 62 in the same amount that they would receive upon attainment of age 65 or that would not be able to apply for pension benefits retroactive to the date when they first became eligible for unreduced pension.

47. By telling the Plaintiffs that they had to commence benefits upon attainment of age 65 and not telling the Plaintiffs that they could commence unreduced benefits at age 62, the notice implied that the Plaintiffs would receive greater benefits by delaying commencement of benefits until age 65.

48.  On or about December 31, 2017 and December 31, 2016 the Plan
     Administrator sent Plaintiffs form notices telling them that they could
     commence unreduced pension following attainment of age 62.

49. These notices were misleading because they did not advise the
     Plaintiffs that they would not be able to apply for pension retroactively
     and that they would lose pension for every month they delayed
     application after attainment of age 62.

50.  On June 7 2019, Kenneth Voss contacted the Pension Benefits Center
     to arrange for commencement of his pension following his attainment
     of age 65 in August.

51. The Pension Benefits Center representative arranged for
     commencement of Kenneth Voss's pension for September, 2019 but
     did not tell him that he could commence pension immediately without
     penalty.

52. This conversation led Kenneth Voss to go to the USAA web site and
     check the Plan Summary Plan Description which indicated that any
     participant could commence unreduced pension at age 62.

53.  Over a period of several weeks, Kenneth Voss made several calls to
     the Pension Benefits Center inquiring into this matter.

54. In the first of these calls, he asked the Pension Benefits Center representative if he could have commenced unreduced pension at age 62.  The representative informed him that she could not give him that information even though she had it.

55. He made at least two more calls to the Pension Benefits Center representatives and finally learned that in fact he could have commenced unreduced pension at age 62.

56. He gave this information to Lisa DeMatteo who on August 16, 2016 called the Pension Benefits Center and made arrangements for her pension to commenced in September, 2019 rather than in 2020 when she would have obtained age 65.

57. Plaintiffs filed claim for retroactive pension benefits on August 30, 2019.

58. Their claims were denied on October 10, 2019.

59. Plaintiffs filed an appeal on November 12, 2019.

60. Their appeals were denied on January 2, 2020.

61. The Plaintiffs have exhausted the administrative appeals procedure and are entitled to file this suit.

**Count I- Plan Administrator- 29 U.S.C. 1024(b)(4)**

62. The averments of paragraphs 1-61 of this complaint are incorporated by reference as though fully set forth herein.

63. 29 U.S.C. 1024(b)(4) mandates that a plan administrator furnish a plan participant a copy of any document "under which the plan is established or operated."

64. 29 U.S.C. 1132 (c) provides that a plan administrator who fails to furnish a participant with a copy of a requested document described in 29 U.S. C. 1024(b)(4) within 30 days of such request may be required to pay the participant $ 147 per day (updated for cost of living by the DOL) for each day beyond 30 in which such request is unfulfilled.

65. On January 23, 2020 the Plaintiffs through their counsel requested from a copy of the Plan from the Plan Administrator.

66. As of the date of filing, no response has been made to their request.

67. This failure obligates the Plan Administrator to make the above payments if ordered by this Court.

WHEREFORE, the Plaintiffs request this Honorable Court to award them against the Plan Administrator a penalty of $147 per day from February 21, 2020 onwards until the date that the Plan Administrator sends them a copy of the Plan plus court costs, attorneys' fees and prejudgment interest.

**Count II- Plan Administrator and Plan- 29 U.S.C. 1021(a) and 1022**

68. The averments of paragraphs 1-67 of this complaint are incorporated by reference as though fully set forth herein.

69. 29 U.S.C. 1021 mandates that a plan administrator create a summary plan description ("SPD") and 29 U.S.C. 1022 (b) requires that the SPD include, inter alia, "circumstances which may result in disqualification, ineligibility or denial or loss of benefits".

70. Consistent with the statute, Department of Labor regulations prescribing the contents of a summary plan description list amount matters which must be described:

> "For both pension and welfare benefit plans, a statement clearly identifying circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, reduction, or recovery (e.g., by exercise of subrogation or reimbursement rights) of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide on the basis of the description of benefits required by paragraphs (j) and (k) of this section.  29 CFR **§2520.102-3   Contents of summary plan description**.

71. Nothing in the 2018 SPD of the Plan alerts participants to the fact that if they fail to apply for pension at age 62, they will lose benefits payable at that point in time going forward to the date when they apply and start receiving benefits.

72. The failure of the SPD to contain the above information violates 29 U.S.C. 1022(b).

73. The failure of the Plan Administrator to provide SPD consistent with the statute and the regulations issued thereunder which would have alerted the Plaintiffs to the fact that they would lose pension benefits if they delayed commencement of pension after age 62 mandates an award to the Plaintiffs of the pension benefits which they lost in the absence of a warning about such loss in the SPD.

WHEREFORE, Plaintiffs request this Honorable Court to award them from the Plan unreduced pension payments from the month following the month in which each attained age 62 until the first month for which they received pension benefits plus court costs, attorney's fees and prejudgment interest.

## Count III- Plan -29 U.S.C. 1132(a)(1)(B)

74. The averments of paragraphs 1-73 of this complaint are incorporated by reference as though fully set forth herein.

75. The Section in the SPD entitled "How to Apply for Benefits" contains no requirement that application be made prospectively or any

prohibition against application retroactive to the date first eligible for unreduced benefits.

76. Rather, the SPD provides as follows:

*Unless you elect otherwise, your benefit will be paid to you in the "normal form" of equal monthly installments, effective the first day of the month after your Early, Normal, or Delayed Retirement.*

This provision indicates that application may be made retroactive to the first day of the month after your Early Retirement.

77. The SPD defines Early Retirement as follows:

*Early Retirement*
*Early retirement is the first day of any month on or after the later of:*

*• Your 55th birthday, or • Attainment of five or more years of vesting service.*

78. Plaintiffs under the terms of the SPD are entitled to unreduced pension benefits because they were at the time of termination of employment over age 55 and had completed over five years of vesting service.

79. The SPD is the governing Plan document.

WHEREFORE, Plaintiffs request this Honorable Court to award them from the Plan unreduced pension payments from the month following the month in which each attained age 62 until the first month for which they received pension benefits plus court costs, attorneys' fees and prejudgment interest.

## Count IV- Plan -29 U.S.C. 1104-Neglilgence-Plan Administrator

80. The averments of paragraphs 1-79 of this complaint are incorporated

by reference as though fully set forth herein.

81. 29 U.S.C. 1104(a)(1) provides in relevant part that

Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and— **(A)** for the exclusive purpose of: **(i)** providing benefits to participants and their beneficiaries; and **(ii)** defraying reasonable expenses of administering the plan; **(B)** with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

82. The Plan Administrator violated its duties under the prudent man

standard of care by:

(a)    Failing to train financial planning advisers such as Michael

Troxell in the basic provisions of the Plan including the points

described in b below.

(b)    Failing to train its agents in the Pension Benefits Center to

advise participants electing to defer commencement of pension

beyond age 62 that (a) they could collect unreduced pension at

age 62, (b) that there was no financial advantage to delaying

commencement of pension until age 62 and that they would not

be permitted to apply for pension retroactively so that any delay

in receiving unreduced pension upon attainment of age 62 would

result in loss of benefits;

(c)    Publishing a SPD which does not comply with the requirements

of ERISA and the DOL regulations issued pursuant thereto in

that it did not contain any statements advising that the Plaintiffs

would lose part of their earned pension if they delayed

commencement after age 62.

(d)    Publishing a SPD which stated (inaccurately) a lump sum

distribution of pension increases until one attains age 65.

(e)    Sending a July 1, 2016 notice which stated (inaccurately) that

pension benefits had to commence at age 65, which implied

(inaccurately) that the benefits would be greater at age 65 than

before and which did not tell the participant that he could

receive unreduced pension at age 62. And

(f)    Creating a website which permitted employees to indicate intent

to commence benefits at age 65 without alerting them to the fact

that they could commence unreduced pension at age 62.

(g)    Creating a website which showed employees an inaccurate and

incredible increase in pension if commenced at age 66.

83. Because of these breaches of duty by the Plan Administrator, the Plaintiffs reasonably believed that they would receive a greater pension benefit age 65 than they would have received before them.

84. Had Plaintiffs understood that they could have received an unreduced pension upon attainment of age 62, that there was no financial benefit to delaying commencement of pension until age 65 and that they would lose pension benefits if they delayed commencement of pension beyond age 62, they would have elected commencement of the same upon attainment of age 62.

85. The above breaches of the duty of care by the Plan Administrator and its agents resulted in the Plaintiffs losing a number of months of pension benefits:

WHEREFORE, Plaintiffs request this Honorable Court to award them from the Plan Administrator an amount equal to the total of the unreduced pension payments payable from the month following the month in which each attained age 62 until the first month for which they received pension benefits plus court costs, attorneys' fees and prejudgment interest.

### Count V- Plan -29 U.S.C. 1104-Failure to Act in the Interests of the Participants-Plan Administrator

86. The averments of paragraphs 1-85 of this complaint are incorporated by reference as though fully set forth herein.

87. Under 29 U.S.C. 1104 (a)(1), a fiduciary has a duty to convey correct and complete information material to a participant's circumstances.

88. The Plan Administrator and its agents breached this duty to the Plaintiffs on the following occasions:

(a) When Michael Troxell did not advise them there was no point to deferring commencement of pension after age 62 since they could receive unreduced pension upon attainment of such age and would simply lose money if they deferred commencement until age 65.

(b) On February 23, 2016 when Kenneth Voss told a Pension Benefits Center representative of the Plaintiff's plan to defer commencement of pension until age 65 and the Pension Benefits Representative did not advise him there was no point deferring commencement of pension after age 62 since he and his wife could have received unreduced pension upon attainment of such age and would simply lose money if they deferred commencement until age 65.

(c) On or about July 1, 2016 when the Plan Administrator sent the Plaintiffs a notice advising them that they must commence pension benefits by age 65 but did not advise that there was no point

deferring commencement of pension after age 62 since he and his wife could have received unreduced pension upon attainment of such age and would simply lose money if they deferred commencement until age 65

(d) On June 7, 2019 when Kenneth Voss told a Pension Benefits Center representative that he wanted to commence his pension the month following the month in which he attained age 65 and the Pension Benefits Representative did not advise him there was no point deferring commencement of pension after age 62 since he and his wife could have received unreduced pension upon attainment of such age and would simply lose money if they deferred commencement until age 65.

(e) In July, 2019 when a Pension Benefits representative refused to respond to Kenneth Voss' question concerning the commencement of unreduced pension benefits at age 62

(f) At various times in the actions referred to in paragraph 82 (c), (d), (f) and (g).

90. Because of these breaches of duty by the Plan Administrator, the Plaintiffs failed to understand that they were eligible for unreduced pension at age 62, that there was no benefit to delaying commencement of

benefits beyond that age and that they would simply lose money if they deferred commencement of benefits until age 65.

91. Had Plaintiffs understood the above they would have elected commencement of the same upon attainment of age 62.

92. The above breaches of the duty of care by the Plan Administrator and its agents resulted in the Plaintiffs losing a number of months of pension benefits:

WHEREFORE, Plaintiffs request this Honorable Court to award them from the Plan Administrator an amount equal to the total of the unreduced pension payments payable from the month following the month in which each attained age 62 until the first month for which they received pension benefits plus court costs, attorneys' fees and prejudgment interest

## Count VI- FPS- Common Law Breach of Fiduciary Duty -Negligence

93. The averments of paragraphs 1-92 of this complaint are incorporated by reference as though fully set forth herein.

94. FPS acted in a fiduciary capacity with respect to its clients to whom it provided retirement planning advice.

95. As a common law fiduciary, FPS was under the same basic duties as an ERISA fiduciary.

96. FPS violated its fiduciary duties under the prudent man standard of care by

    (a) failing to train financial planning advisers such as Michael Troxell in the basic provisions of the Plan given the fact that a number of his clients would be employees of USAA and its subsidiaries and covered by the Plan,

    (b) failing to train financial planning advisors such as Michael Troxell to use the same dates for commencement of benefit throughout all sections of the financial plan.

    (c) failing to train financial planning advisors such as Michael Troxell to check pension plan documents to determine if unreduced pension could be payable prior to normal retirement age (65).

97. Had Michael Troxell been properly trained, he would have made sure that the financial plans he prepared used the same date for commencement of benefits throughout the financial plans he prepared for the Plaintiffs and he would have recognized (and advised them) that because they could receive unreduced pension at age 62, there was no benefit to deferring commencement until age 65 and that if they so deferred, they would lose pension benefits.

98. Had Plaintiffs understood the above they would have elected commencement of the same upon attainment of age 62.

99. The above breaches of the duty of care by FPS and its agents resulted in the Plaintiffs losing a number of months of pension benefits:

WHEREFORE, Plaintiffs request this Honorable Court to award them from FPS an amount equal to the total of the unreduced pension payments payable from the month following the month in which each attained age 62 until the first month for which they received pension benefits plus court costs and prejudgment interest.

## Count VII-FPS- Breach of Duty to Provide Correct and Complete Information

100. The averments of paragraphs 1-99 of this complaint are incorporated by reference as though fully set forth herein.

101. FPS acted in a fiduciary capacity with respect to its clients to whom it provided retirement planning advice.

102. As a common law fiduciary, FPS was under the same basic duties as an ERISA fiduciary.

103. FPS violated its fiduciary duty to convey correct and complete information material to a participant's circumstances to the Plaintiffs when it's

agent Michael Troxell failed to inform the Plaintiffs that there was no point deferring commencement of pension after age 62 since he and his wife could have received unreduced pension upon attainment of such age and would simply lose money if they deferred commencement until age 65.

104. Had Plaintiffs understood the above they would have elected commencement of the same upon attainment of age 62.

105. The above breaches of the duty of care by the Plan Administrator and its agents resulted in the Plaintiffs losing a number of months of pension benefits:

WHEREFORE, Plaintiffs request this Honorable Court to award them from FPS an amount equal to the total of the unreduced pension payments payable from the month following the month in which each attained age 62 until the first month for which they received pension benefits plus court costs and prejudgment interest.

Respectfully submitted,

/s/ James T. Carney

Attorney for the Plaintiffs